LYNN M. DEAN, Cal. Bar No. 205562
Email: deanl@sec.gov
WILLIAM S. FISKE, Cal. Bar. No. 123071
Email: fiskew@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT LONDON AND BRYAN SHAW,<br><br>Defendants. | Case No. 13-CV-02558 RGK (PJWx)<br><br>**CONSENT TO ENTRY OF FINAL JUDGMENT BY DEFENDANT SCOTT LONDON** |

1.  Defendant Scott London ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant has pled guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Scott London*, Case No. CR13-00379 (C.D. Cal.), Defendant pled guilty to one count of securities fraud through insider trading [18 U.S.C. § 371]. In connection with that plea, Defendant admitted that:

1

(a) Beginning no later than in or about October 2010, and continuing through at least May 2012, defendant engaged in an insider trading scheme in connection with the purchase or sale of the stock of certain publicly-traded companies in violation of Title 15, United States Code, Sections 78j(b), and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, meaning that:

   i. Defendant possessed material non-public information regarding a publicly-traded company;

   ii. Defendant disclosed this material, non-public information to another individual in anticipation that it would be wrongfully used in connection with the purchase or sale of securities;

   iii. The other individual used the material, non-public information provided by Defendant in deciding whether to purchase or sell the stock of a publicly-traded company; and

   iv. In return for passing the material, non-public information, Defendant anticipated some kind of benefit, directly or indirectly.

(b) When Defendant engaged in the insider trading scheme, Defendant acted willfully, knowingly, and with the intent to defraud the publicly-traded companies and their shareholders;

(c) In furtherance of that scheme, there occurred at least one use of any means or instruments of transportation or communication in interstate commerce or the use of the mails or any facility of any national securities exchange.

On April 28, 2014, in connection with that plea, Defendant was sentenced to 14 months in prison, and ordered to pay a civil fine of $100,000.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things,

    (a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and

    (b) orders Defendant to pay disgorgement of $100,000, which part of the Final Judgment shall be deemed satisfied by the entry of the order assessing a civil penalty of $100,000 in *United States v. Scott London*.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he, she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission

4

based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to

which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: June 27, 2014

_____
Scott London

On June 27th, 2014, Scott London, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 4/20/16

BAHRAM EFTEKHARI
COMM. #1974848
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires April 20, 2016

6

1
2   Approved as to form:
3
4   _____
5   Jonathan Schwartz, Esq.
    Law Offices of Jonathan Schwartz
6   4640 Admiralty Way, 5th fl.
7   Marina del Rey, CA 90292
    (310) 496-5770
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071

Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 30, 2014, I caused to be served the document entitled **CONSENT TO ENTRY OF FINAL JUDGMENT BY DEFENDANT SCOTT LONDON** on all the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X] **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ] **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 30, 2014          */s/ Lynn M. Dean*
                                Lynn M. Dean

**SEC v. Scott London, et al.**
**United States District Court – Central District of California**
**Case No. CV13-02558-RGK (PJWx)**

SERVICE LIST

Jonathan Schwartz, Esq.
Law Offices of Jonathan Schwartz
4640 Admiralty Way, 5th floor
Marina del Rey, CA 90292
T:  (310) 496-5770
Email nasdlaw@aol.com
*Attorney for Defendant Scott London*

Harland W. Braun, Esq.
Law Offices of Harland W. Braun
1880 Century Park East, Suite 710
Los Angeles, CA 90067
T:  (310) 277-4777
F:  (310) 277-4045
Email  harland@braunlaw.com
*Attorney for Defendant Scott London*

Nathan J. Hochman, Esq.
Bingham McCutchen LLP
1601 Cloverfield Boulevard
Suite 2050 North
Santa Monica, CA 90404
T:  (310) 255-9025
F:  (310) 907-2025
Email:  nathan.hochman@bingham.com
*Attorney for Defendant Bryan Shaw*